UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CORY ROOK, f/k/a CURTIS DUNCAN,**
*et al.*,

    **Plaintiffs,**

  v.

**D'S EXCAVATING & SERVICE LLC,**
*et al.*,

    **Defendants.**

          **Civil Action 2:19-cv-4295**
          **Chief Judge Algenon L. Marbley**
          **Magistrate Judge Chelsey M. Vascura**

**REPORT AND RECOMMENDATION**

This matter arises out of claims by Plaintiffs Cory Rook (formerly known as Curtis Duncan) and Jeremy Windsor, employees of Defendant D's Excavating & Service, LLC ("DES"), that DES and Defendants Inland Waters Pollution Control, Inc. ("Inland") and Arch Insurance Company ("Arch") failed to pay Plaintiffs overtime and prevailing wages the Fair Labor Standards Act ("FLSA," 29 U.S.C. § 201, *et seq.*) and Ohio's Prompt Pay Act (Ohio Rev. Code § 4113.61). Inland also asserted a crossclaim for indemnification against DES. (Ans. & Crosscl., ECF No. 28.) Following settlement with Plaintiffs, Inland moved for default judgment on its crossclaim against DES. (Mot. for Default J., ECF No. 57.) For the following reasons, it is **RECOMMENDED** that Inland's Motion for Default Judgment be **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

On July 28, 2016, Inland and DES entered into a Subcontract relating to a construction project in Columbus, Ohio. (Subcontract, ECF No. 57-1.) The Subcontract required DES, *inter alia*, to "comply with all federal, state and local laws and the regulations of any agency with jurisdiction over this work" and to "promptly pay all claims of persons or firms furnishing labor, equipment, or materials used in performing the work" under the Subcontract. (*Id.* §§ 5.5, 12.4.) The Subcontract further requires that DES "shall indemnify [Inland] from fines, penalties and corrective measures that result from acts or omissions by [DES], his agents, employees, or subcontractors, in failure to comply with [applicable local, state, or federal] laws and regulations" and "shall defend, indemnify and hold harmless [Inland], upon demand, from any money that [Inland] shall pay in discharging any claim or lien or correcting any breach [by DES] [of the Subcontract], and all reasonable attorney fees and expenses incurred by [Inland] in connection therewith." (*Id.* §§ 12.6, 12.7). The Subcontract also requires DES to pay Inland's costs and expenses, "including reasonable attorney's fees incurred by [Inland] . . . as a result of [DES's] breach or threatened breach of any provision in this Subcontract; [or] as a result of [Inland's] having to defend or take part in any action or proceeding which directly or indirectly relates to acts or omissions of [DES] or its subcontractors or suppliers." (*Id.* § 20.5.)

Plaintiffs commenced this action against Defendants DES and Inland on September 26, 2019 (ECF No. 1), and amended their Complaint to add Arch as a defendant on December 31, 2019 (ECF No. 19). Plaintiffs allege they were not paid for all overtime hours worked under the FLSA, that they were not timely and properly paid the prevailing wage under Ohio law, that they were entitled to the contractual wage payments set forth in the Subcontract, that they were entitled to payment under the project bond issued by Arch, and that they were not provided with pay-related information as required by Ohio statute. (*See generally* Am. Compl., ECF No. 19.)

On January 21, 2020, Inland filed its Answer, Affirmative Defenses, and Cross-Claim against DES (ECF No. 28).  Inland's crossclaim against DES sought indemnification for liability to Plaintiffs based on the indemnification terms of the Subcontract.  (*Id.*)

On November 6, 2020, Inland entered into a Settlement Agreement with Plaintiffs, whereby Inland paid Plaintiffs and their attorneys a total of $70,000. (Settlement Agreement, ECF No. 52-1.)  The Court approved the settlement, as required by the FLSA, on November 12, 2020.  (ECF No. 53.)  In addition to the $70,000 settlement payment, Inland asserts it has incurred a total of $51,276.98 in attorney's fees and costs in defending this action.  (Gottsegen Dec. ¶ 4, ECF No. 57-2.)  Inland has also provided detailed billing records reflecting these attorney's fees and costs, which the undersigned has reviewed *in camera*.

Inland subsequently sought and obtained an entry of default against DES on Inland's crossclaim.  (ECF Nos. 55–56.)  Inland now seeks a default judgment against DES in the amount of $121,276.98.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 provides that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a). Subsequently, unless a claim is for a sum certain or a sum that can be made certain by computation, plaintiff "must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b). "Even if a default has been entered against a party, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."  *Anderson v. Johnson*, No. 98-1931, 1999 WL 1023753, at * 2 (6th Cir. Nov. 4, 1999) (citing *Quirindongo Pacheco v. Rolon Morales*, 953 F.2d 15, 16 (1st Cir. 1992)).  In considering a motion for default judgment, all "factual allegations of the complaint,

except those related to the amount of damages, will be taken as true." *Harris v. Cooley,* No. 1:17-CV-540, 2019 WL 1573260, at *1 (S.D. Ohio Apr. 11, 2019). If the defaulting party is found liable for the cause of action, that "does not resolve issues relating to damages." *Antione v. Atlas Tucker, Inc.* 66 F.3d 105, 111 (6th Cir. 1995). Under Federal Rule of Civil Procedure 55, if the amount of damages is unclear, "the court may conduct hearings or make referrals" in order to "determine the amount of damages." Fed. R. Civ. P. 55(b)(2).

### III. ANALYSIS

Under Michigan law,[1] a claim for breach of an express contract of indemnification is a breach of contract claim. *See Ins. Co. of N. Am. v. Se. Elec. Co.,* 405 Mich. 554, 557 (1979). The elements of a breach of contract claim under Michigan law are: (1) the existence of a contract between the parties, (2) the terms of the contract require performance of certain actions, (3) a party breached the contract, and (4) the breach caused the other party injury. *Burton v. William Beaumont Hosp.*, 373 F. Supp. 2d 707, 718 (E.D. Mich. 2005) (citing *Webster v. Edward D. Jones & Co., L.P.,* 197 F.3d 815, 819 (6th Cir. 1999)).

Inland has satisfactorily alleged that all elements of its indemnification claim are met. The Subcontract is a valid contract between the parties; the Subcontract requires DES to indemnify Inland for sums paid by Inland in satisfying Plaintiffs' claims that DES failed to comply with state and federal law in connection with the Subcontract; DES has not indemnified Inland as required by the Subcontract, and Inland has incurred damages comprising settlement payments to Plaintiffs and attorney's fees and costs. Accepting Inland's allegations of liability as true, each element of its indemnification claim is met.

---

[1] The Subcontract contains a Michigan choice of law provision. (§ 21.2, ECF No. 57-1.)

As to the amount of damages, the Settlement Agreement establishes the $70,000 settlement payment by Inland to Plaintiffs in exchange for release of their claims.  (ECF No. 52-1.)  The undersigned has also reviewed Inland's counsel's billing records *in camera* and finds the $51,276.98 incurred in attorney's fees and costs to be reasonable, with the following exceptions.  First, there are several billing entries that contain insufficient detail for the undersigned to assess their reasonableness.  For example, 1 hour was spent by Inland's counsel on October 17, 2019, with a service description of "attention to claim."  These entries, totaling 2.2 hours and $1,320.00 in fees, will be disallowed.  Second, there are numerous entries devoted to work done by Inland's counsel on behalf of Arch pursuant to a joint defense agreement.  As only Inland has moved for default judgment, and only Inland is a party to the Subcontract that creates the right to recover attorney's fees, Inland is not entitled to an award of fees for work performed on behalf of Arch.  These entries, totaling 20.5 hours and $6,701.50 in fees, will be disallowed.  Finally, there are certain entries that are block billed such that they include tasks performed for both Inland and Arch.  These entries total 6.6 hours and $1,718.00 in fees.  As the undersigned is not able to discern how much of these time entries were spent on each client, the undersigned will disallow half of the fees represented by these entries, *i.e.*, 3.3 hours and $759.00 in fees.  In sum, the undersigned finds that Inland has incurred $42,496.48 in reasonable attorney's fees and costs.

Therefore, it is **RECOMMENDED** that default judgment be granted against DES and in favor of Inland in the amount of $112,496.48.

### IV.   DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that Inland's Motion for Default Judgment be **GRANTED IN PART and DENIED IN PART** and that DES be **ORDERED** to pay Inland $112,496.48.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE